IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **CHERION PRICE, on behalf of her minor son, J.C.,** | § | |
| Plaintiff, | § | |
| v. | § | Civil Action No. **3:24-CV-1387-L** |
| **IESAH WHITE; ANTONIO BRITTON; GUADALUPE FRIAS; and MARK SHARROCK,** | § | |
| Defendants. | § | |

**SUPPLEMENTAL MEMORANDUM OPINION AND ORDER**

In its Memorandum Opinion and Order (Doc. 28), filed September 30, 2026, the court denied Defendants' Motion to Dismiss (Doc. 6), in which Defendants sought dismissal of Plaintiff's excessive force and unlawful detention claims based on their assertion of qualified immunity. As relevant here, the court determined that, based on the totality of the circumstances, Plaintiff had alleged sufficient facts to plausibly plead that (1) Defendant Sharrock's conduct in deploying his taser twice was objectively unreasonable and constituted excessive force in violation of J.C.'s Fourth Amendment rights; and (2) the constitutional right was "clearly established" at the time of the alleged misconduct. *See* Mem. Op. (Doc. 28 at 35-44).

Upon review, the court determines that it did not adequately address one of Defendants' objections to the Findings, Conclusions and Recommendation of the United States Magistrate Judge ("Report") (Doc. 17). The Report recommended denying Defendants' Motion to Dismiss based on qualified immunity with respect to Plaintiff's excessive force claim against Defendants Sharrock and Frias, noting, "any force found to be objectively unreasonable necessarily exceeds

the de minimis threshold." Report (Doc. 10 at 34) (quoting *Solis v. Serrett*, 31 F.4th 975, 981 (5th Cir. 2022) (citation omitted)).

To state a claim for excessive force, Plaintiff's pleadings must set forth sufficient factual allegations from which the court reasonably can infer that the following occurred: "(1) an injury, which (2) resulted directly and only from the use of force that was clearly excessive to the need; and the excessiveness of which was (3) objectively unreasonable." *Peña v. City of Rio Grande City*, 879 F.3d 613, 619 (5th Cir. 2018) (internal quotation marks and citation omitted). Courts generally consider the second and third elements together, "as officers must assess not only the need for force, but also the relationship between the need and the amount of force used." *Solis*, 31 F.4th at 982 (citing *Deville v. Marcantel*, 567 F.3d 156, 167 (5th Cir. 2009)) (internal quotation marks omitted).

In their third objection to the Report, Defendants object that the allegations against Defendant Sharrock do not support more than a de minimis injury and the Report does not analyze if Plaintiff plausibly pleads an injury caused by Defendant Sharrock. Defs.' Obj. (Doc. 11 at 6-7). In response, Plaintiff urges the court to overrule this objection essentially for the reasons set forth in the Report. Pl.'s Resp. (Doc. 12 at 7-9).

In the 2022 case of *Solis v. Serrett*, upon which the magistrate judge relied, the Fifth Circuit explained the injury element (and its interrelatedness to the excessiveness and reasonableness elements) as follows:

> Generally, to maintain a claim for excessive force, a plaintiff need not demonstrate a significant injury, but the injury must be more than de minimis. *Tarver v. City of Edna*, 410 F.3d 745, 752 (5th Cir. 2005)). Recently, this circuit has characterized the injury requirement as "a sliding scale, not a hard cutoff." *Buehler [v. Dear]*, 27 F.4th [969,] 982 [(5th Cir. 2022)]. This approach treats the degree of injury—even if minor—as interrelated to the reasonableness and excessiveness of the officer's force. "[A]lthough a de minimis injury is not cognizable, the extent of injury necessary to satisfy the injury requirement is 'directly related to the amount of force

> that is constitutionally permissible under the circumstances.'" *Alexander v. City of Round Rock*, 854 F.3d 298, 309 (5th Cir. 2017) (alternation in original) (quoting *Brown v. Lynch*, 524 F. App'x 69, 79 (5th Cir. 2013)). Accordingly, "[a]ny force found to be objectively unreasonable necessarily exceeds the de minimis threshold, and, conversely, objectively reasonable force will result in de minimis injuries only." *Id.* (quoting *Brown*, 524 F. App'x at 79). In other words, "as long as a plaintiff has suffered 'some injury,' even relatively insignificant injuries and purely psychological injuries will prove cognizable when resulting from an officer's unreasonably excessive force." *Id.* (quoting *Brown*, 524 F. App'x at 79). This means that if the officer's force was unreasonably excessive, Solis need only show "some injury"—a bar which she clears here.

31 F.4th at 981-82.[*]

"Because qualified immunity claims should be addressed separately for each individual defendant," the undersigned addresses the alleged injuries attributable to Defendant Sharrock separately. *Westfall v. Luna*, 903 F.3d 534, 549-550 (5th Cir. 2018) (separately considering injuries caused by each officer) (internal quotation marks and citation omitted).

As set out in detail in the magistrate judge's Report (Doc. 10), the court's Memorandum Opinion and Order (Doc. 28), and the Complaint, Plaintiff alleges that, at the point Defendant Sharrock deployed his taser twice, force had already been used against J.C. when Defendant Britton tackled and held him to the ground, J.C. was not resisting, was unarmed, and not attempting to flee. *See* Mem. Op. (Doc. 26 at 38); Compl. ¶¶ 79-82. Plaintiff pleads that "[d]ue to the excessive force," J.C. suffered injuries including scarring and bruises from being tased as well as mental anguish, physical pain, and suffering. Compl. ¶ 92.

[*] Although *Solis* was decided slightly less than two months before the June 6, 2022 incident that is the subject of Plaintiff's Complaint, in addressing the injury element of an excessive force claim (and its interrelatedness to the excessiveness and reasonableness elements of the claim), the appellate court in *Solis* relies on numerous earlier cases that clearly established the law prior to the date of the incident alleged in the Complaint. *Solis v. Serrett*, 31 F.4th 975, 981-82 (5th Cir. 2022) (citing cases).

Defendants object and contend that these pleadings are insufficient to plausibly allege that J.C. suffered an injury as a result of Defendant Sharrock's alleged use of excessive force. The court disagrees and **overrules** Defendants' objections.

First, the court emphasizes that even if J.C.'s alleged injuries attributable to Defendant Sharrock caused a minor injury, "insignificant injuries may support an excessive force claim, as long as they result from unreasonably excessive force." *Sam v. Richard*, 887 F.3d 710, 713 (5th Cir. 2018) (minor bleeding and hip pain were sufficient to sustain excessive force claim where officer's use of force was objectively unreasonable). Viewing all well-pleaded allegations as true, as the court must at this stage of the case when considering a Rule 12(b)(6) motion to dismiss, Plaintiff has adequately alleged a plausible claim that Defendant Sharrock's deployment of his taser—not once but twice—caused J.C. "some injury." *Solis*, 31 F.4th at 982. The extent of J.C.'s injuries allegedly attributable to Defendant Sharrock is a question of fact to be considered at the summary judgment stage of these proceedings or by a jury.

Further, common sense would necessarily dictate to any reasonable law enforcement officer that Plaintiff's Complaint, as pleaded, has alleged that J.C. suffered more than a de minimis injury attributable to the force allegedly used by Defendant Sharrock, who tased J.C. twice when confronted with a situation in which J.C. was already being held down by Defendant Britton, not resisting, and not attempting to flee. After all, the purpose of a taser is to gain compliance by disrupting the neuromuscular functions of the subject's body, overriding his ability to move. *See Cloud v. Stone*, 993 F.3d 379, 382 n.2 (5th Cir. 2021) ("When taser prongs are deployed, they conduct an electric current that can immobilize a person by causing his muscles to seize up."). Further, the court has carefully reviewed the facts of this case as alleged in the Complaint, as well as the applicable law (*see* Doc. 28), and it determines that any reasonable person—

including distinguished appellate judges and justices, as well as law enforcement officers—would experience some degree of injury and pain if they were twice tased by Defendant Sharrock under the circumstances as alleged in the Complaint and as set forth in the court's Memorandum Opinion and Order (Doc. 28).

Although Plaintiff has not alleged permanent physical or emotional damage, the court believes in this context that the pain and injury resulting from J.C. allegedly being tased twice by Defendant Sharrock while he was already being held down by Defendant Britton is sufficient to satisfy the injury element of an excessive force claim. *See Solis*, 31 F.4th at 981-82 (citing cases). The court determines that Plaintiff has alleged sufficient facts regarding the injury and the use of force to defeat Defendant Sharrock's entitlement to qualified immunity with respect to Plaintiff's excessive force claim. The court, therefore, will not obstruct Plaintiff's ability to proceed and further develop this case regarding Defendant Sharrock's alleged use of excessive force.

It is possible that, upon reviewing the evidence at the summary judgment stage, the court may find that J.C.'s alleged injuries do not support an excessive force claim—or the jury may reach the same conclusion at trial. At this stage of the proceedings, however, the court is only considering whether Plaintiff has stated a plausible claim that J.C. suffered injuries allegedly attributable to Defendant Sharrock's conduct. Here, the court **concludes** that Plaintiff has met this pleading burden and, accordingly, **overrules** Defendants' third objection.

**It is so ordered** this 9th day of October, 2026.

Sam A. Lindsay
Sam A. Lindsay
United States District Judge